STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
ARJUN P. RAO (State Bar No. 265347)
JULIETA STEPANYAN (State Bar No. 280691)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email:   *lacalendar@stroock.com*

Attorneys for Defendant
  CHASE BANK USA, N.A.

AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
EDRIK MEHRABI (SBN 299120)
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101
Ph.:   (626) 449-4944
Fax:   (626) 628-1722
Email: George@azadianlawgroup.com

Attorney for Plaintiff,
   TINA REGANYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA REGANYAN, an individual | Case No. 15-cv-3981 |
| Plaintiff, | [Hon. Consuelo B. Marshall] |
| vs. | **JOINT STATUS REPORT** |
| CHASE BANK USA, N.A., | |
| Defendant. | |

LA 51916217

Pursuant to this Court's July 27, 2015 Order Setting Scheduling Conference (Dkt. No. 12), plaintiff Tina Reganyan ("Plaintiff") and defendant Chase Bank USA, N.A. ("Chase" or "Defendant" and together with Plaintiff, the "Parties") in the above-entitled action hereby submit this Joint Status Report and Federal Rule of Civil Procedure 26(f) Discovery Plan:[1]

## 1. DESCRIPTION OF THE CASE

<u>Plaintiff</u>: Plaintiff received numerous telephone calls on her cell phone from Defendant that were intended for a third party. Despite asking Defendant to stop calling and informing Defendant that it was calling the wrong party, Defendant persisted with its calls. Plaintiff contends that the calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which prohibits making calls to cell phones through use of an "automatic telephone dialing system" without the "prior express consent" of the called party.

<u>Defendant</u>: Chase denies liability as alleged in Plaintiff's Complaint or otherwise, and specifically denies making calls to the cell phone at issue in an attempt to reach Thera Der-Gevorgian using an automatic telephone dialing system, prerecorded or artificial voice. Accordingly, Chase denies that Plaintiff is entitled to relief under the TCPA or any relief whatsoever.

## 2. DEPOSITIONS

<u>Plaintiff</u>: No depositions have been set to date. Plaintiff anticipates noticing a Rule 30(b)(6) deposition in the next 3-6 months if the Parties are unable to resolve this action through informal settlement discussions.

<u>Defendant</u>: No depositions have been set to date. Chase anticipates taking 1-3 depositions in the next 3-6 months if the Parties are unable to resolve this action through informal settlement discussions.

---

[1] The Parties note that the Court's Standing Order provides a different format for the Joint Rule 26(f) Report. Because the July 27, 2015 Order Setting Scheduling Conference was entered after the Standing Order, the Parties follow the format set out in the July 27, 2015 Order Setting Scheduling Conference for this Joint Rule 26(f) Report.

### 3. WRITTEN DISCOVERY

<u>Plaintiff</u>: No written discovery has been served to date. Plaintiff anticipates serving requests for production, requests for admission, and interrogatories to the Defendant if the Parties are unable to resolve this action through informal settlement discussions.

<u>Defendant</u>: No written discovery has been served to date. Chase anticipates serving requests for production, requests for admission, and interrogatories to the Plaintiff if the Parties are unable to resolve this action through informal settlement discussions.

### 4. EXPERTS

<u>Plaintiff</u>: Plaintiff anticipates retaining an expert in the field of telecommunications.

<u>Defendant</u>: Chase anticipates retaining an expert in the field of telecommunications.

### 5. PRETRIAL CONFERENCE

The Parties propose September 12, 2016 as the final Pre-Trial Conference date.

### 6. DEMAND FOR JURY TRIAL

Plaintiff requested a jury trial in her Complaint filed on May 27, 2015.

### 7. PROSPECTS OF SETTLEMENT

The Parties have engaged in informal settlement discussions and continue to attempt to resolve this matter expeditiously.

### 8. CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

<u>Plaintiff</u>: Plaintiff consents to proceed before a Magistrate Judge.

<u>Defendant</u>: Chase does not consent to proceed before a Magistrate Judge.

### 9. CONTEMPLATED MOTIONS

<u>Plaintiff</u>: Plaintiff anticipates filing a motion for judgment and/or partial summary judgment upon completion of sufficient discovery.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51916217

<u>Defendant</u>: Chase anticipates filing a motion for judgment on the pleadings and/or motion for summary judgment upon completion of sufficient discovery.

**10. BIFURCATION OF DISCOVERY RELATING TO TREBLE DAMAGES**

<u>Plaintiff</u>: Plaintiffs opposes bifurcating discovery as proposed by Defendant because discovery regarding whether the calls were made "willfully" is inherently intertwined with the facts relating to whether the calls were placed to Plaintiff, on her cell phone, through use of an automatic telephone dialing system, and whether the calls persisted after Plaintiff informed Defendant that it was calling the wrong party and should stop calling. Additionally, bifurcation would result in additional written discovery and depositions that could otherwise be avoided.

<u>Defendant</u>: Chase proposes bifurcating discovery into two phases: liability first, and statutory damages second. Plaintiff asserts separate claims for negligent and willful violations of the TCPA, both of which require a threshold showing that: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." <u>Meyer v. Portfolio Recovery Associates, LLC</u>, 707 F.3d 1036, 1043 (9th Cir. 2012). Whether a violation is negligent or willful presupposes that Plaintiff has met her burden of establishing these elements of liability. <u>See</u> 47 U.S.C. § 227(b)(3)(B) & (C). Chase asserts that Plaintiff will be unable to meet this burden because Chase did not place calls to the cell phone at issue in an attempt to reach Thera Der-Gevorgian using an automatic telephone dialing system, artificial or prerecorded voice. Accordingly, Chase respectfully requests that discovery regarding whether any alleged violations were negligent or willful be bifurcated and stayed until this Court issues an order on this threshold issue of liability.

Dated: September 29, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
JULIETA STEPANYAN

By: */s/ Arjun P. Rao*
Arjun P. Rao

Attorneys for Defendant
CHASE BANK USA, N.A.

Dated: September 29, 2015

AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN
EDRIK MEHRABI

By: */s/ George S. Azadian*
George S. Azadian

Attorneys for Plaintiff
TINA REGANYAN

**ECF Signature Certification**

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to George S. Azadian, counsel for Plaintiff, and that I have obtained Mr. Azadian's authorization to affix his electronic signature to this document.

Dated: September 29, 2015

*/s/ Arjun P. Rao*
Arjun P. Rao

- 4 -

JOINT STATUS REPORT
CASE NO. 15-CV-3981

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2015, a copy of the foregoing **JOINT STATUS REPORT** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao

LA 51916217

-1-

JOINT STATUS REPORT
CASE NO. 15-CV-3981